# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ardell Levert Jenkins, | Civ. No. 24-621 (JWB/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota School of Bartending, | |
| Defendant. | |

Plaintiff Ardell Levert Jenkins filed a Complaint and an application for *in forma pauperis* ("IFP") status. (*See* Doc. Nos. 1, 2.) The IFP application must be considered before any other action may be taken in this matter.

Jenkins qualifies financially for IFP status, but an IFP application will be denied and an action will be dismissed when an applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, all factual allegations in the complaint must be accepted as true and reasonable inferences must be drawn in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*.

at 570. In assessing the sufficiency of the complaint, legal conclusions that are couched as factual allegations may be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Jenkins alleges that he enrolled in classes held by Defendant Minnesota School of Bartending and was told by the Defendant that he "should be able to get a job after receiving [an] A in the college . . . ." (Doc. No. 1, Compl. 3.) The Complaint implies that Jenkins has been unable to find a job despite his enrollment in Defendant's classes. Jenkins also alleges that other persons have used "psychic powers" to harass him and that Defendant has failed to protect him from this harassment. (*Id*. at 4.) Jenkins seeks monetary relief for "emotional distress, defamation[, and] discrimination. (*Id*. at 3.)

Jensen checked the box indicating federal question as the basis for federal court subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 but does not specify a federal law under which he is seeking relief. Jensen lists the word "discrimination," but does not explain anything further that would indicate his claim is rooted in any federal statute or constitutional provision. He does not allege how he was treated differently than anyone else, or that any differential treatment occurred because of his race, religion, age, or any other characteristic protected by the law. Conclusory allegations that the claimant was the victim of discrimination, without more, are not enough to state a claim on which relief may be granted under federal law. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013).

The Complaint also suggests other claims that might arise under state law, such as a claim for discrimination or defamation. These claims are also conclusory. But even if they were not conclusory, § 1331 does not supply the federal court with a basis for original jurisdiction over state law claims. Although a federal court could exercise supplemental jurisdiction over state law claims, *see* 28 U.S.C. § 1367, the Eighth Circuit has instructed district courts not to exercise supplemental jurisdiction where all claims for relief under federal law are dismissed prior to trial. *Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). Accordingly, the entirety of this action will be dismissed without prejudice.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. The application to proceed *in forma pauperis* of Plaintiff Ardell Levert Jenkins (Doc. No. 2) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: April 1, 2024                                *s/ Jerry W. Blackwell*
                                                                 JERRY W. BLACKWELL
                                                                 United States District Judge